## In re SOTHEBY'S HOLDINGS, INC. SECURITIES LITIGATION.

Eric Jacoby, Plaintiff–Appellant,

Sandra WEISS, on behalf of herself and all others similarly situated, Plaintiff,

Frederic L. Goldfein, on behalf of himself and all others similarly situated, Davendra Patel, on behalf of himself and all others similarly situated, John Lake, on behalf of himself and all others similarly situated, Richard Leonard, individually and on behalf of others similarly situated, Douglas Rosenberg, individually and on behalf of all others similarly situated, Doron A. Evans, on behalf of himself and all others similarly situated, Carina Evans, on behalf of herself and all others similarly situated, Mary J. Sloan, on behalf of herself and all others similarly situated, Terrence P. McGeever, individually and on behalf of others similarly situated, Cynthia A. McGeever, individually and on behalf of others similarly situated, Nora Mazzarino, on behalf of herself and all others similarly situated, Arthur Lee Everitt, individually and on behalf of others similarly situated and Gordon Caldwell, individually and on behalf of all others similarly situated, Consolidated–Plaintiffs,

v.

William S. Sheridan, Joseph A. Domonkos, Patricia A. Carberry, Cyndee L. Grillo and A. Alfred Taubman, Defendants–Appellees,

Sotheby's Holdings, Inc. and Sotheby's Inc., Defendants.

Docket No. 01–7292.

United States Court of Appeals, Second Circuit.

April 3, 2002.

Geoffrey C. Hazard, Jr., Swarthmore, PA Sherrie R. Savett, Gary E. Cantor,

Sandra G. Smith, on the brief, Berger & Montague, P.C., Philadelphia, PA Daniel Krasner, David A.P. Brower, on the brief, Wolf, Haldenstein, Adler, Freeman & Herz, LLP, New York, NY, for Appellees.

Present LEVAL, SOTOMAYOR, Circuit Judges, and RAGGI, District Judge.*

## SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiffs appeal from the portion of the Final Judgment and Order of Dismissal entered on Feb. 28, 2001 awarding attorneys' fees, and from grant of the Joint Petition for an Award of Attorneys' Fees and Reimbursement of Litigation expenses, entered on Feb. 21, 2001. Plaintiffs contend that the district court abused its discretion, providing insufficient compensation, in awarding only $1,250,000 in attorney's fees, which amounted to only 1.8 percent of the $70 million settlement.

Plaintiffs had applied for an award of $ 10.5 million, or fifteen percent of the settlement. The lodestar amount derived from the hours of work performed by plaintiff's counsel was $1,627,436.65. The district court justified its rejection of the application on the following grounds: The large amount of the settlement resulted chiefly from Sotheby's desire to quickly improve its public image following federal criminal investigations, rather than the efforts of plaintiff's counsel; Sotheby's eagerness to settle the claims meant that the risk to counsel of emerging without compensation was small; the artificial inflation of earnings that resulted from Sotheby's

conspiracy to maintain high fees was not difficult to demonstrate, and the parallel criminal and civil antitrust cases made the evidence readily available to counsel; the district court believed, furthermore, that some of the work produced by the various participating law firms was duplicative, unnecessary, and ill-advised.

The issue on appeal is not whether the Court of Appeals agrees with the level of award ordered by the district court but whether that court either abused its discretion or misapplied the law. *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir.2000). As to the explanations given by the district court for the low award, a trial judge is far better situated than the Court of Appeals to make such evaluations and assessments. Trial judges are afforded substantial deference in the review of such determinations. *Id.*

We cannot say that the district court's justifications for its ruling were unreasonable. While we agree with the appellant that the award, measured by the conventional criteria, was extremely low and perhaps approached the limits of discretion, it was not so low as to constitute an abuse of discretion. Nor is there basis to find that the district court misapplied the law.

* Honorable Reena Raggi, of the United States District Court for the Eastern District of New York, sitting by designation.